UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HECTOR CASTANEDA-SANCHEZ,<br><br>    Defendant. | Case No. 2:05-CR-00159-KJD-GWF<br>               2:08-CV-00249-KJD<br><br>**ORDER** |

Currently pending before the Court is Defendant Hector Castaneda-Sanchez's ("Defendant") Motion to Vacate and Correct Sentence pursuant to 28 U.S.C. § 2255 (#84).

**I. Background**

On October 10, 2007, the Court sentenced Defendant to 70 months imprisonment on Count Five of the underlying Indictment, charging Defendant with Distribution of a Controlled Substance, in violation of 21 U.S.C. § 846(a)(1), (b)(1)(A)(viii). Prior to sentencing, the Court had found that Defendant's total offense level was 32, with a 2 level reduction under U.S.S.G. § 5C1.2, (the "safety valve" provision) and a 3 level reduction for acceptance of responsibility, thus resulting in a total offense level of 27. Additionally, the Court found that Defendant's criminal history category was I, and that the guideline imprisonment range under the advisory federal sentencing guidelines was 70–87 months.

The immediate Motion to Vacate avers *inter alia* that the Defendant was denied effective assistance of counsel at sentencing, in violation of the Sixth Amendment to the United States Constitution. For the reasons stated herein, the Court denies Defendant's Motion to Vacate.

## II. Legal Standard

Where, as here, a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate either "cause" and actual "prejudice." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982). A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753–54 (1991). However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy. See id. at 752.

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel. Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness. See id. at 688. In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See id. at 690. Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms. See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him. See Strickland, 466 U.S. at 687. Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  See id. at 694.  The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail.  See id. at 687.

Here, Defendant makes various ambiguous and boiler plate assertions, including that his counsel failed to seek a downward departure as a consequence of Defendant's status as a deportable alien, and that his counsel "misrepresented and misadvised the plea to Defendant about the condition of his plea bargain."  (#84 at 5.)  Defendant avers that he detrimentally relied on his counsel's advice and agreed to enter a plea of guilty because his "counsel knew [the Defendant's] whole behavior", and because said plea was "structured to avoid a plea agreement that would [] result in a long sentence of prison time."[1]  (Id.)

Upon examining Defendant's Motion, the Court finds that Defendant has failed to set forth sufficient allegations to establish that his counsel's representation at sentencing was unreasonable under prevailing professional norms, Kimmelman v. Morrison, 477 U.S. at 384, or that he was somehow prejudiced by counsel's "deficient performance."  Strickland, 466 U.S. at 687.  Additionally, the Defendant cannot demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  To the contrary, the record indicates that counsel for the Defendant assisted him in receiving substantial reductions in his calculated offense level.  Specifically, Defendant's arguments are belied by the fact that he received significant "safety valve" and "acceptance of responsibility" reductions in his total offense level calculation and recommended guideline sentence range.  Moreover, the instant Motion contains little more than vague allegations of ineffective assistance of counsel.  Defendant fails to provide support for his arguments, or even to allege sufficient facts that could effectively buttress his general assertions.  As a result, the Defendant cannot show that he was prejudiced by pleading guilty, under the second prong of the Strickland test.  If he had not pled guilty and had gone to trial, there is no

---

[1] The Court notes that this exact wording has been raised by other defendants, in practically identical or fill-in-the-blank motions.  (See Case No. 2:06-CR-00361-KJD-PAL; 2:08-CV-00017-KJD-PAL).

3

"reasonable probability" that but for counsel's advice, he would have prevailed at trial. See Strickland, 466 U.S. at 694.

Moreover, in view of Defendant's 70 month sentence, even a general "mistake" as to the length of sentence estimated for Defendant would not constitute a "gross mischaracterization" within the meaning of the Ninth Circuit precedent. See, e.g., United States v. Iaea, 800 F.2d 861, 864–65 (9th Cir. 1986) (possible to establish ineffectiveness and prejudice in connection with attorney's pretrial assessment of sentencing exposure only where estimate constitutes gross mischaracterization of likely outcome); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (finding no "gross mischaracterization" where defendant receives sentence 36-months higher than attorney had estimated). Thus, Defendant cannot show that he sustained "prejudice" as a result of anything his attorney did or did not tell him at sentencing.

**III. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (#84) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Speedy Trial (#88) is **DENIED**, as there are no charges pending against the Defendant in relation to this action.

DATED this 19th day of January 2011.

Kent J. Dawson
United States District Judge

4